IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2251-BO

| | | |
|---|---|---|
| JEFFREY LEE WHITLOW, JR., EL. IN PROPRIA PERSONA, SUI JURIS, MOORISH AMERICAN NATION, Petitioner, | ) ) ) ) ) | |
| v. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, et al., Respondents. | ) ) | |

On December 2, 2013, Jeffrey Lee Whitlow, a state inmate proceeding pro se, filed a petition for a writ of habeas corpus. D.E. 1. With the complaint, petitioner filed a document entitled "Averment of Jurisdiction; Demand for Writ of Prohibition; Demand for Stay of Proceedings; Pending Final Review of Formal Challenge; To the constitutionality of D.C. Code; And the Fourteenth Amendment; Challenge Conviction and Sentence under; D.C. Code + U.S. Code." D.E. 1, Attch. On February 10, 2013, petitioner filed a document entitled "petition for summary judgment under F.R.C.R. Rule 56." D.E. 4. Each of petitioner's filings outline the movement of the Moorish American Nation and asserts claims arising from his affiliation therein. See, D.E. 1-4. On May 12, 2014, the matter was dismissed by court order on initial review and the certificate of appealability was denied. Order, D.E. 5. Whitlow appealed, and on December 11, 2014, the Fourth Circuit vacated and remanded. Order, D.E. 10. In this posture, the matter is before the court.

The directive of the Fourth Circuit is as follows:

Because Whitlow is in custody pursuant to a sentence imposed by the Superior Court of the District of Columbia, the district court may not entertain Whitlow's § 2241 petition if he has failed to exhaust the remedy provided by D.C. Code § 23-110 (Supp. 2014) or has been denied § 23-110 relief by the Superior court,

unless it appears that a § 23-110 motion would be inadequate or ineffective to test the legality of his detention. D.C. Code § 23-110(a), (g); Swain v. Pressley, 430 U.S. 372, 377-78 (1977). Whitlow has not alleged, and nothing in the record indicates, that he has filed a § 23-110 motion with the Superior Court, and Whitlow has not asserted that § 23-110 would be inadequate or ineffective. Therefore, the district court lacked jurisdiction to entertain Whitlow's § 2241 petition.

Accordingly, we grant Whitlow leave to proceed in forma pauperis, vacate the district court's order, and remand. On remand the district court should dismiss Whitlow's § 2241 petition for lack of jurisdiction unless Whitlow demonstrates that he has met the requirements of § 23-110 allowing a federal court to entertain his § 2241 petition.

Order, D.E. 10. On December 22, 2014, after the Fourth Circuit's opinion but prior to the issuance of the mandate on February 22, 2015, petitioner filed a "petition for immediate release" in which he states that he has in fact exhausted his remedies under D.C. Code § 23-110. D.E.14. He provided a copy of the District of Columbia docket sheet which indicates that court has given petitioner permission to file an action within this court. D.E. 14, Attch., Docket entry dated 12/22/2011. Petitioner states that this is the required § 23-110 motion filed and denied with the Superior Court thus fulfilling the exhaustion requirement. ON this proffer the court assumes that petiitoner has in fact properly exhausted. Thus, having stated he has properly exhausted, petitioner need not assert, and does not assert, that § 23-110 would be inadequate or ineffective.

Having found Whitlow has demonstrated that he has met the requirements of § 23-110, this court finds that the prior order properly dismissed the case.[1] For simplicity, the court sets out the prior order and holds the following as dispositive of this matter:

Petitioner is a D.C. Code offender. Pet., Question 2-4. He was sentenced on February 17, 2005, and is serving a 24 year term of incarceration from a second degree murder conviction in the Superior Court of the District of Columbia. Id.

---

[1] The Fourth Circuit specifically held "[b]y this disposition, we offer no opinion as to whether Whitlow's petition is otherwise properly before the district court or as to his petition's merits." Order, D.E. 10.

While the exact claims raised by petitioner are unclear to the court, petitioner does state "[b]oth the D.C. Code and the 14th Amendment to the United States Constitution are unconstitutional." Id., Question 9. Then, he directs the court to "see writ of habeas corpus attached . . ." Id. Petitioner appears to have raised similar contentions in other lawsuits in other districts. Whitlow v. United States, 2011 WL 5241354 (D.D.C. 2011) (petitioner described himself as a Moorish American National being held hostage at Rivers Correctional Institution and the court dismissed the matter under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)). The arguments and documentation contained throughout petitioner's filings are similar to those raised by other individuals claiming membership in the "Moorish-American" nation. In the cases addressing those arguments, it has been correctly held that one is not entitled to ignore the laws of the State of North Carolina, the District of Columbia, or the United States by claiming membership in the "Moorish-American" nation. See, e.g., United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders"); Allah El v. Dist. Att'y for Bronx County, No. 09 Civ. 8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence"); cf. El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009) (unpublished) (any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are frivolous); and Caldwell v. Wood, 2010 WL 54416670 * 17 (W.D.N.C. 2010) (unpublished) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-America' nation is ludicrous.").

In addition, petitioner makes broad statements as to the constitutionality of the Fourteenth Amendment and the "D.C.Code." As to the D.C. Code, petitioner references no specific provisions of the code he believes are unconstitutional and offers no rationale for his viewpoint except to say that the law of the United States does not apply to Moorish Americans. As for the Fourteenth Amendment, petitioner makes no allegation as to why or how the Fourteenth Amendment is involved in his petition for a writ of habeas corpus or any basis for standing therefrom. Quite simply, plaintiff has failed to state a claim for which relief can be granted even when construing his petition liberally. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Importantly, the court believes that amendment would be futile, and petitioner will not be granted leave to amend. Tate v. Morris County Prosecutors Office, 284 F. App'x 877, 879 (3d Cir. 2008) (futility as grounds to dismiss without granting leave to amend).

Order, D.E. 5.

Accordingly, the matter is DISMISSED in its entirety. The motion for immediate release is DENIED. Mot., D.E. 14. The certificate of appealability is also DENIED.

3

SO ORDERED. This 19 day of May 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge